Charles B. Walker, et al.
vs.                           Eq. No 11226.
Margaret L. Ursilio, et al.

January 9, 1932.

BLODGETT, P. J. Heard upon motion to adjudge respondents in contempt.

This matter comes up upon a bill in equity by complainants, holders of a lot of land on the Eden Park Plat No. 2 in the City of Cranston, and other holders of lots on said plat, praying that respondents be restrained from erecting upon a certain lot on said plat a building, it being alleged that same is being erected contrary to certain restrictions contained in a deed to said respondents, which restrictions are applicable to all the lots on said plat.

An ex parte injunction in restraint of such action was issued upon the filing of said bill and it is alleged in said motion that respondents are proceeding with the erection of such building since service upon them of notice of such injunction.

At the hearing the question was raised that the alleged restrictions did not apply to the lot in question, and such matter was argued and testimony presented upon the same.

If the restrictions are not applicable to the lot in question, respondents are not in contempt. The restriction affecting this lot is the second.

"Second.—That all buildings built or placed thereon shall be placed and set back not less than fifteen (15) feet from the line of any avenue."

Respondents are the owners of Lot 392 on said plat at the corner of Pontiac avenue and Chestnut avenue, which measures 78.35 feet in length and 50 feet in width, and fronts upon Pontiac avenue with said width of 50 feet. The building being erected on said lot is to be used for business purposes. Pontiac avenue is the main public highway and the section in which this lot lies has been set aside under a zoning ordinance of the City of Cranston as a business section.

The first restriction applies to "dwelling houses," the second to buildings.

The construction of the meaning of the words used in the second restriction seems to rest upon the definition of the words "any" and "back" as used in such restriction.

It will be observed that all the lots on Pontiac avenue front upon said avenue and stand at a right angle to the same. The language used is that "all buildings" shall be set back.

The Court is of the opinion that in accordance with said restriction all buildings must be set back fifteen feet from the front of said lot on Pontiac avenue. The words used are "from the line of any avenue." The word "any" is defined by Webster as "one indifferently out of an indefinite number;" "one indefinitely, whosoever or whatsoever it may be." The derivation is from A. S. "aenig" or French "an," meaning "one."

In Corpus Juris 3,230, "any" is described in general as "A word that may have one of several meanings, according to the subject which it qualifies. It has been referred to as an indefinite pronominal adjective used to designate objects in a general way, without pointing out any one in particular."

Any restriction contained in a deed of real estate should be construed, in case of doubt, favorably to the purchaser.

The lot in question is a corner lot

fronting on Pontiac avenue, with its northerly line on Chestnut avenue. The language of the restriction is that the buildings erected on said lot shall be placed and set back not less than 15 feet from any avenue.

The Court construes the language to mean that any buildings placed on said lot must be set back not less than 15 feet from Pontiac avenue upon which said lot fronts, and that the word "any" as used in the context refers but to one avenue, viz.: in this case Pontiac avenue.

Any other construction of the restriction would deprive the owner of said lot, a corner lot having a frontage of 50 feet and a depth of 78.35 feet, of over 1700 square feet.

The motion of complainants that respondents be held in contempt is denied.

For complainants: Domenique S. Pavon.

For respondents: Edward M. Sullivan.